UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | No. 2:17-cv-02689 MCE AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a), showing that plaintiff is unable to prepay fees and costs or give security for them. ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. §§ 1915(a). However, because plaintiff is an inmate, the law requires that he pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the

1

appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I. SCREENING STANDARDS

Granting IFP status does not end the court's inquiry. The IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plaint statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 391, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 546 U.S. 1037 (2011).

The court applies the same rules of construction in determining the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Counsel v. Watt, 643 F2d 618, 624 (9th Cir.

1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. THE COMPLAINT

Plaintiff names Citibank, N.A. as the sole defendant in this lawsuit. ECF No. 1 at 2. The complaint raises a cause of action under "the Federal Deposit Insurance Act." Id. at 9. This statute is asserted as the basis for federal question jurisdiction. Id.

Plaintiff alleges that "on or about [the] 3rd week of February 2013," plaintiff "deposited $11,620" in his checking account at Citibank's Sacramento branch on Marconi Ave. ECF No. 1 at 5. He alleges a "deposit slip was not given due to some technical error." Id. Plaintiff further states that although the bank teller showed plaintiff "the available balance on [the] computer" in the amount of $11,620 and the deposit was confirmed by the bank manager, he alleges that for the past "57 months" he has been unable to "get [his] money back." Id. at 10. Plaintiff states he has attempted to locate the money with Citibank's "helpline" but that they "can't locate the deposited amount" and have "dis-owned the account (and) states no such checking account exists." Id. Plaintiff states he has not made a transaction since the initial deposit. Id. Plaintiff asserts his deposit is "federally insured under the Federal Deposit Insurance Act" and "want[s] it back." Id. at 11. For relief, plaintiff seeks monetary damages. Id. at 13.

The Federal Deposit Insurance Act ("FDIA") contains many provisions that regulate financial institutions. See 12 U.S.C.A § 1811 et seq. Plaintiff does not specify what section of

the Act is the basis for this lawsuit, or how violation of the Act creates federal court jurisdiction over this dispute or provides grounds for plaintiff to recover damages. Although courts construe pro se complaints liberally, the court cannot identify and assert causes of action on plaintiff's behalf. Moreover, in this case no cognizable federal claims are apparent. Plaintiff's reliance on the FDIA appears to be misplaced, as "the FDIA does not provide a private right of action for individuals who are allegedly harmed by an institution's non-compliance with that Act." Tidwell v. JPMorgan Chase Bank, N.A., No. C-13-2621 EMC, 2013 WL 5539414, at *8 (N.D. Cal. Oct. 8, 2013). Moreover, the fact that a financial institution is federally insured does not necessarily mean that any bad act it commits will support a federal lawsuit. Plaintiff's allegations suggest that Citibank stole his money. Without more, this does not state a cognizable claim.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The present complaint does not meet this standard.

### III. AMENDING THE COMPLAINT

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. That is, it must state what the defendant did that harmed the plaintiff and how the law was violated. The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

In setting forth the facts, plaintiff must not go overboard, however. He must avoid excessive repetition of the same allegations. He must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## IV. PLAIN LANGUAGE SUMMARY FOR PRO SE PLAINTIFF

Your application to proceed in forma pauperis will be granted, but your complaint is being dismissed and you are being given an opportunity to submit an amended complaint within 30 days. The amended complaint should be "simple, concise, and direct." You should provide information that clearly states (1) the basis for federal jurisdiction, (2) the alleged harm you suffered and how the defendant harmed you, and (3) the relief you are seeking. An amended complaint should briefly provide the necessary information, following the directions above.

## V. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Expedite Screening and Issuance of Summons (ECF No. 3) is DENIED as moot;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

4. The complaint (ECF No. 1) is DISMISSED with leave to amend; and

5. Plaintiff may file an amended complaint within 30 days of the date of this order. If plaintiff files an amended complaint, he must comply with the instructions given above. If

plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed for failure to prosecute.

DATED: April 11, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE